## STATE of Vermont v. Sarah B. CAMPBELL

[789 A.2d 926]

No. 01-146

December 17, 2001. Defendant Sarah Campbell appeals from the judgment entered in the Windsor County District Court on her conditional plea of guilty to a charge of driving under the influence. Defendant argues that the trial court erred in denying her motion to suppress evidence obtained when a police officer approached defendant's parked vehicle and inquired whether its occupants needed assistance. We hold that the officer acted within the community caretaking exception to the warrant requirement and accordingly affirm the judgment of the trial court.

The relevant facts are not in dispute. On October 6, 2000, at approximately two a.m., an officer of the Hartford Police Department was traveling west on Route 4 in a marked police cruiser. The night was dark and rainy, and there were no other vehicles in the vicinity. As the officer approached the Quechee Gorge information booth, he noticed a car pulled off the eastbound side of the road. As the officer passed the vehicle it flashed its lights once. Concerned that he was being signaled for assistance, the officer turned his cruiser, illuminating his blue lights as he pulled behind the vehicle.

When the officer stepped out of the cruiser, he observed two passengers in the vehicle who appeared to be romantically engaged. He approached the vehicle, the engine of which was running, and tapped on the driver's side window with his flashlight. Defendant was in the driver's seat and rolled down the window at which point the officer smelled intoxicants and asked defendant whether she had been drinking. Defendant was subsequently arrested and processed for driving under the influence.

Defendant was arraigned and filed a motion to suppress all evidence derived from the stop and seizure of her vehicle. A hearing was held in Windsor County District Court on December 21, 2000, and the trial court denied the motion to suppress from the bench, finding the officer's testimony to be credible and concluding that given the circumstances, the officer's reasonable inquiry to determine whether the passengers of the vehicle needed assistance was within the community caretaking doctrine. On March 14, 2001, defendant entered a plea of guilty conditioned on this appeal.

The State concedes that there was a seizure in this case. Under the Fourth Amendment to the United States Constitution and Chapter I, Article 11 of the Vermont Constitution, a seizure requires reasonable and articulable suspicion that the defendant is engaged in unlawful activity. *State v. Marcello*, 157 Vt. 657, 658, 599 A.2d 357, 358 (1991) (mem.). "This does not mean, however, that suspicion of criminal conduct is the only possible justification for a seizure. Indeed, we have recognized in other contexts that a seizure can be reasonable

even in the absence of such suspicion." *State v. Pierce*, 173 Vt. 151, 154, 787 A.2d 1284, 1287 (2001).

A seizure does not require suspicion of criminal conduct where police officers are acting under the community caretaking doctrine, "an essential role as public servants to 'assist those in distress and to maintain and foster public safety.'" *Marcello*, 157 Vt. at 658, 599 A.2d at 358 (quoting *State v. Pinkham*, 565 A.2d 318, 319 (Me. 1989)). The distinguishing feature of a stop and seizure under the community caretaking exception is that it is "generated from a desire to aid victims rather than investigate criminals." *State v. Mountford*, 171 Vt. 487, 491, 769 A.2d 639, 645 (2000). A police officer acting under the community caretaking doctrine must have "specific and articulable facts" that led him to reasonably believe the defendant was in need of assistance. *Marcello*, 157 Vt. at 658, 599 A.2d at 358.

. We agree with the trial court that the officer in this case acted reasonably. Given that the officer was in a marked police cruiser when defendant flashed her lights at him, that it was a particularly stormy night, and that defendant's car was in the Quechee Gorge information booth parking lot, the officer had every reason to believe that the driver or passengers of the vehicle were seeking his assistance. Defendant argues that the facts of this case are identical to those in *State v. Burgess*, 163 Vt. 259, 657 A.2d 202 (1995). In *Burgess*, we held that the community caretaking doctrine did not apply where an officer approached a legally parked vehicle on the side of the road and inquired whether they needed assistance. 163 Vt. at 262, 657 A.2d at 204. *Burgess* is clearly distinguishable from this case: whereas in *Burgess* "[t]here was nothing . . . to indicate that defendant .was in any type of distress," here the officer was signaled by the vehicle. *Id.*

Defendant argues that once the officer had exited the cruiser and observed that the driver and passenger of the vehicle were romantically involved, he no longer had reason to suspect that they were in need of assistance. Had the officer not seen the vehicle flash its lights at him, defendant's assertion might be plausible. However, under these set of facts, one can envision circumstances where one of the passengers needed assistance despite the fact that they appeared to be embracing, or even because such an embrace was nonconsensual. In any event, the officer "did not know the nature of defendant's problem . . . [and] [t]he most reasonable course of action under these circumstances was . . . to determine if assistance was needed." *Marcello*, 157 Vt. at 658, 599 A.2d at 358.

*Affirmed.*

Motion for reargument denied February 4, 2002.