OPINION
{¶ 1} The following is an accelerated calendar appeal submitted on the briefs of both parties. Appellant, Jeffery Haynes, appeals from judgment of the Conneaut Municipal Court, Ashtabula County, finding him guilty of operating a vehicle while under the influence of alcohol, a second offense, in violation of R.C. 5411.19(A)(1). Specifically, appellant argues that the trial court erred by excluding certain evidence during the suppression hearing connected with this matter. For the reasons set forth below, the trial court erred by excluding this evidence during the suppression hearing, but such error only amounts to harmless error. Appellant's sole assignment of error is not well-taken, and we affirm appellant's conviction.
 {¶ 2} Officer Anthony Buzecan ("the Officer") was on duty as a patrolman in Conneaut, Ohio, on the night of January 9, 2003. At approximately 2:20 a.m., the Officer was traveling eastbound on Main Street when he noticed a dark colored Jeep driving westbound on Main Street at a high rate of speed that crossed the center line, veered into his lane, and almost caused a collision.[1] The Officer turned his vehicle around and proceeded after the Jeep, which was operated by appellant but owned by his passenger. The Officer stated that he observed the vehicle's rear license plate was not illuminated, in violation of Conneaut City Ordinance 337.04. The Officer activated his siren and overhead lights and initiated a traffic stop.
 {¶ 3} After the Officer stopped the vehicle, appellant asked the Officer if he could see the license plate illumination light, but the Officer would not permit him to do so. Appellant subsequently refused a Breathalyzer test.
 {¶ 4} Appellant was arrested and charged with driving under the influence of alcohol, second offense, in violation of R.C. 5411.19(A)(1), and failure to illuminate the rear license plate of the vehicle he was operating, in violation of Conneaut City Ordinance 337.04. Appellant was not cited with any violation in connection with any alleged speeding or his crossing the center line on Main Street. Appellant was released on a $1,500 personal recognizance bond and initially entered a plea of not guilty.
 {¶ 5} On January 22, 2003, appellant filed a motion to suppress. It was specifically directed to evidence obtained as a result of the traffic stop and subsequent search that suggested appellant was driving under the influence of alcohol or drugs. According to the motion, the Officer did not have reasonable, articulable suspicion to stop and seize the vehicle appellant operated. Appellant thus argued any evidence obtained by the Officer should be suppressed because it was the fruit of an unconstitutional search and seizure in violation of the Fourth andFourteenth Amendments to the United States Constitution and Article One, Sections Ten and Fourteen of the Ohio Constitution.
 {¶ 6} At the February 25, 2003 hearing on appellant's motion to suppress, the parties stipulated that the limited scope of the hearing was whether the Officer had reasonable articulable suspicion to stop and seize the vehicle appellant operated. Appellant attempted to admit testimony suggesting that the license plate illumination light of the vehicle he operated on the night of January 9, 2003 was working properly at that time. Appellant testified as follows:
 {¶ 7} "Q: Did you have an opportunity on the evening of January 9, 2003 to see if all of the lights were properly working on that vehicle?
 {¶ 8} "A: When I asked the Officer if I could see that he told me `No.' But when I got home that night I checked it and they did work."
 {¶ 9} Despite appellant's offer of proof and argument that the evidence was admissible to cast doubt on the Officer's credibility, the trial court sustained the state's objection. According to the trial court, evidence relating to whether the light was working properly "is not appropriate for a suppression hearing where the sole issue is reasonable articulable suspicion for the stop * * * and this evidence is only appropriate to present at trial * * * on the defense of [appellant] on the charge of failing to have his rear license plate illuminated." Appellant's motion to suppress was thus overruled.
 {¶ 10} Before trial, appellant withdrew his not guilty plea and entered a plea of no contest to the charge of driving under the influence. In return for this plea, the charge for failure to illuminate the rear licensed plate was dismissed. The trial court issued a judgment entry finding appellant guilty of driving under the influence and, subsequently, sentenced appellant to thirty days in jail. Twenty days could be suspended if appellant were evaluated for alcohol dependency and would comply with any recommended treatment program. Appellant was also fined $500 and his driving privileges suspended for one year. The trial court stayed the execution of the sentence pending this appeal.[2]
 {¶ 11} Appellant has now filed a timely notice of appeal and sets forth the following assignment of error for our consideration:
 {¶ 12} "The trial court erred to the prejudice of appellant when it sustained the state's objections to the evidence which the appellant attempted to introduce on the issue of whether or not the rear license plate on the vehicle was properly illuminated."
 {¶ 13} Before addressing the merits of appellant's assignment of error, we will first review well-settled law pertaining to investigative stops and the Fourth Amendment to the United States Constitution warrant requirement. The investigative stop exception to the Fourth Amendment warrant requirement allows a police officer to stop a motorist when he has a reasonable suspicion [based upon specific and articulable facts] that criminal behavior has occurred. Terry v. Ohio (1968), 392 U.S. 1,30. See, also, State v. Dagg (Apr. 11, 1997), 11th Dist. No. 96-L-118, 1997 Ohio App. LEXIS 1467, at 3. An investigative stop is a seizure which is valid provided a reasonable and prudent police officer, viewing the totality of the circumstances, has a reasonable, articulable suspicion of criminal activity. State v. Bobo (1988), 37 Ohio St.3d 177, 181; Statev. Shacklock (Apr. 30, 1999), 11th Dist. Nos. 98-T-0005 and 98-T-0083, 1999 Ohio App. LEXIS 2020, at 4.
 {¶ 14} In addition, the Supreme Court of Ohio and this court have "`repeatedly held that a minor violation of a traffic regulation * * * that is witnessed by a police officer is, standing alone, sufficient justification to stop a vehicle.'" (Citations omitted.) Shacklock at 5. See, also, State v. Yemma (Aug. 9, 1996), 11th Dist. No. 95-P-0156, 1996 Ohio App. LEXIS 3361; Dayton v. Erickson (1996), 76 Ohio St.3d 3, syllabus.
 {¶ 15} In the instant case, the trial court erred by excluding the evidence in question. The evidence appellant attempted to admit was indeed relevant to the Officer's credibility and whether he had reasonable, articulable suspicion of criminal activity to stop the vehicle appellant was driving. The evidence proffered would cast doubt upon the Officer's observation regarding the illumination of the rear license plate, which formed one of the basis upon which the Officer stopped appellant.
 {¶ 16} This error, however, only amounts to harmless error. Harmless error is any error that does not affect the outcome of the case and, thus, does not warrant a judgment overturned or set aside. State v.Brown, 100 Ohio St.3d 51, 2003-Ohio-5059, at ¶ 25; Crim.R. 52(A). The Officer had other reasonable, articulable suspicion of criminal behavior and, therefore, sufficient justification to stop the vehicle appellant operated. The Officer also testified he observed appellant cross the center line on Main Street, move into the Officer's lane, and almost cause a head-on collision. Thus, the officer indeed had more than reasonable suspicion. He had probable cause to effectuate the stop. Statev. Molk, 11th Dist. No. 2001-L-146, 2002-Ohio-6926, (concluding that even if appellant were able to contradict the officer's testimony regarding a speeding violation, the officer would still have sufficient justification to initiate a stop due to appellant's smoking exhaust violation).
 {¶ 17} We also note that the Officer's failure to cite appellant for speeding or crossing the center line on Main Street in no way diminishes the Officer's observations as a proper basis for justifiably stopping appellant's vehicle. A citation or successful conviction is not required as a predicate for a lawful stop, as Terry only requires articulable suspicion of criminal activity to justify such a stop. We conclude the Officer had sufficient justification, independent of appellant's license plate illumination violation, to stop appellant's vehicle. Thus, any error by the trial court in excluding the evidence in question would amount only to harmless error.
 {¶ 18} Accordingly, appellant's sole assignment of error is without merit. We affirm the trial court's judgment.
Ford, P.J., Grendell, J., concur.
[1] Appellant offered no testimony controverting the Officer's assertion that appellant drove the vehicle he operated over the center line on Main Street and almost caused a collision. No evidence was admitted by either party relating to the speed limit on the street or the speed at which appellant was traveling.
[2] This information is stated in the plea transcript, but no actual order appears in the record.