OPINION.
{¶ 1} Defendant-appellant Anthony Hart appeals from his conviction for Aggravated Burglary, with a firearm specification; Felonious Assault, with a firearm specification; and Obstructing Justice. He contends that the State did not present evidence sufficient to support the convictions and that the convictions are against the manifest weight of the evidence. He also contends that the State violated his right to a speedy trial. Finally, he claims that the verdict convicting him of one count of Felonious Assault is inconsistent with the verdict acquitting him on a second count of Felonious Assault.
 {¶ 2} We conclude that Hart failed to raise the speedy trial issue with the trial court and has therefore waived it on appeal. We further find that the claim of inconsistent verdicts is without merit. Finally, we find that the convictions are supported by sufficient credible evidence. Accordingly, the judgment of the trial court is affirmed.
 I {¶ 3} One night in August, 2000, Robbie Brown was residing in Trotwood with her three sons, Cornelius Williams, William Brown and Charles Warren. Two family friends, Darrius Metcalf and Derrick Moss, were also staying at Brown's home that night.
 {¶ 4} At approximately 4:19 a.m., while all six people in the house were sleeping, the front door of the home was kicked down. Thirteen gunshots were then fired throughout the home. No one in the house was injured.
 {¶ 5} The police were alerted by a neighbor that he had seen someone get into a black Oldsmobile Aurora and drive off from the scene. While enroute to the Brown residence, a Trotwood officer observed a black Aurora. The officer followed the car and observed an object come out of the passenger window. The officer subsequently activated his lights to stop the vehicle. As the vehicle slowed to a stop, a piece of clothing was dropped out of the passenger window. The car then drove away and was soon thereafter stopped at the address of the registered owner. The driver got out of the car, and was ordered to the ground by the police officer. The officer also ordered the other two occupants out of the car. Hart was the only occupant to exit from the driver's side of the car. The other occupants were identified as Arthur Askew and Tommy Nichols.
 {¶ 6} The officer then went back to retrieve the items discarded from the car and found a bulletproof vest and a Glock handgun. An atomic absorption test was performed, which revealed gunpowder residue on both Hart and Askew.
 {¶ 7} Hart was indicted on one count of Aggravated Burglary, two counts of Felonious Assault — one count with regard to William Brown and the other with regard to Cornelius Williams — and one count of Obstruction of Justice. The Aggravated Burglary and Felonious Assault charges carried firearm specifications. Following a jury trial, Hart was convicted of all charges except the Felonious Assault upon Cornelius Williams. He was sentenced accordingly. From his conviction and sentence, Hart appeals.
 II {¶ 8} Hart's First Assignment of Error is as follows:
 {¶ 9} "The judgment below should be vacated because the state failed to comply with § 2945.71 — § 2945.73 of the Ohio Revised Code and bring the defendant to trial within the requisite period of time."
 {¶ 10} The issue in this Assignment of Error is whether Hart was denied his right to a speedy trial.
 {¶ 11} The right to a speedy trial is guaranteed by theSixth Amendment to the United States Constitution and Article I, Section of the Ohio Constitution. In Ohio, R.C. 2945.71 requires the State to bring a felony defendant to trial within two hundred and seventy days of arrest. R.C. 2945.71(C). Each day during which the accused is held in jail in lieu of bail on the pending charge is counted as three pursuant to the triple-count provision of R.C. 2945.71(E).
 {¶ 12} Speedy trial provisions must be asserted by a defendant in a timely fashion or they are waived. State v. Bishop, Vinton App. No. 02CA573, ¶ 16, 2003-Ohio-1385. "Thus, in order for an accused to procure his release on the basis of a denial of his right to a speedy trial, he must show affirmative action on his part to secure a speedy trial." Partsch v. Haskins (1963), 175 O.S. 139, 140. Additionally, R.C.2945.73(B) expressly provides that a motion for discharge must be made at or prior to the commencement of trial. If a motion is not made before commencement of trial, there is no provision for relief under the statute. Although the requirement that a statutory speedy trial claim must be made in the trial court may appear harsh, there is, as the State points out, a reason for this rule. Application of the triple-counting provision for defendants in custody may depend upon a number of facts — whether the defendant is in custody for reasons unrelated to the pending charge, for example — that will not ordinarily appear in the record. If a statutory speedy trial claim is asserted, these facts may be put upon the record in the trial court.
 {¶ 13} In this case, Hart failed to assert in the trial court, by motion or otherwise, any claim that his right to a speedy trial had been violated. Thus, the First Assignment of Error is found to be without merit, and it is overruled.
 III {¶ 14} Hart's Second Assignment of Error states as follows:
 {¶ 15} "The court erred in not granting the defendant's motion for new trial on his unjust conviction of count 2 for the reason that there was insufficient evidence to convict the defendant on said charge and the conviction by the trier of fact was against the manifest weight of the evidence."
 {¶ 16} This Assignment of Error raises questions of the sufficiency, and weight, of the evidence with regard to Hart's conviction for Felonious Assault upon William Brown. Hart argues that the conviction for Felonious Assault cannot stand, because the evidence demonstrates that no bullets were fired at any person, and because William Brown did not see anyone fire at him. He also argues that there is no evidence to indicate that the shooter was aware that William Brown was even in the house on that evening, and that in fact, "it was pure happenchance that he was staying [there] on the date in question." Finally, Hart argues that co-defendant Arthur Askew was the shooter.
 {¶ 17} A sufficiency of the evidence argument challenges whether the State has presented adequate evidence on each element of the offense to allow the case to go to the jury or to sustain the verdict as a matter of law. State v. Thompkins, 78 Ohio St.3d 380, 1997-Ohio-52. The proper test to apply to such an inquiry is the one set forth in paragraph two of the syllabus of State v. Jenks (1991), 61 Ohio St.3d 259, 574 N.E.2d 492:
 {¶ 18} "An appellate court's function when reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt."
 {¶ 19} In reviewing a judgment to determine whether it is against the manifest weight of the evidence, an appellate court sits as a "thirteenth juror," reviews the entire record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered. State v.Thompkins (1997), 78 Ohio St.3d 380.
 {¶ 20} Hart was convicted of Felonious Assault with regard to one victim, William Brown, in violation of R.C. 2903.11. That statute provides in pertinent part that:
 {¶ 21} "(A) No person shall knowingly do * * * the following: (2) Cause or attempt to cause physical harm to another * * * by means of a deadly weapon or dangerous ordnance."
 {¶ 22} William Brown testified that he was asleep in his bedroom when the sound of gunfire in the house awakened him. While shots were being fired, he ran into the hallway where he crawled to his brother Cornelius's bedroom door. After hitting on Cornelius's door, he then crawled on to his mother's room where he attempted to call the police. He also testified that two bullets had gone toward Cornelius's bedroom and that one bullet had entered his own bedroom door.
 {¶ 23} Officer Tom Quigley of the City of Trotwood Police Department testified that upon arriving at the house, he found numerous bullet casings and bullet holes, many of which were located in the hallway. In all, Quigley testified that he found evidence that thirteen shots were fired in the house.
 {¶ 24} The evidence also demonstrates that Hart had gunpowder residue on his right hand, and that Askew also tested positive for residue. Also, the gun which was thrown from the car was linked to the bullets found at the Brown residence.
 {¶ 25} We find that based upon the evidence in the record, a reasonable jury could find that Hart fired the gun in the hallway while William Brown was in the hallway, and that Hart's act in firing the gun constituted a knowing attempt to cause physical harm to Brown. As with any proof of a mental state not admitted by a defendant, this proof is inferential, but, in our view, the jury could reasonably infer that Hart knew that his firing the gun in the hallway, while William Brown was there, had a reasonable probability of causing William Brown physical injury. Thus, we conclude that the State presented evidence sufficient to demonstrate that Hart knowingly attempted to cause injury to William Brown, and that the jury did not lose its way in convicting him.
 {¶ 26} The Second Assignment of Error is overruled.
 IV {¶ 27} The Third Assignment of Error is as follows:
 {¶ 28} "The verdict as to Count 2 and Count 3 are inconsistent and as a result the verdict on Count 2 should be reversed by this court."
 {¶ 29} Hart contends that since he was acquitted on Count Three — the charge of Felonious Assault upon Cornelius Williams, he should have been acquitted on Count Two — the charge of Felonious Assault upon William Brown. In support, he argues that the evidence used to prove both charges was identical, and that since it did not result in a conviction on one charge of Felonious Assault, it should not have resulted in a conviction on the other Felonious Assault charge. He thus argues that the conviction on Count Two should be reversed, because the two verdicts are inconsistent.
 {¶ 30} While we need not address whether the two verdicts are, in fact, inconsistent, we would note that the evidence shows that they are not. Hart was convicted of Felonious Assault with regard to William Brown, who was in the hallway while shots were being fired. Hart was acquitted of Felonious Assault with regard to Cornelius Williams, who was in his bedroom, behind a closed door, while the shooting took place. A juror could reasonably find from these circumstances that Hart knowingly attempted to harm William Brown, but not Cornelius Williams.
 {¶ 31} However, even if the verdicts are inconsistent, this is not a basis for reversal, because the two offenses involved separate victims and were charged as different counts. As the Supreme Court of Ohio held in State v. Lovejoy (1997), 79 Ohio St.3d 440, 683 N.E.2d 1112, paragraph one of the syllabus, "[t]he several counts of an indictment containing more than one count are not interdependent and an inconsistency in a verdict does not arise out of inconsistent responses to different counts, but only arises out of inconsistent responses to the same count." In other words, inconsistent verdicts relating to different counts do not justify the reversal of an otherwise valid conviction.
 {¶ 32} Hart's Third Assignment of Error is overruled.
 V {¶ 33} Hart advances the following for his Fourth Assignment of Error:
 {¶ 34} "Based upon the absence of any guilt of the offense of felonious assault as alleged of [sic] the Second Count of the indictment due to the jury finding of not guilty on Count 3, the First Count in the indictment charging aggravated burglary must be dismissed because the evidence to sustain the same is insufficient and against the weight of the evidence."
 {¶ 35} In this Assignment of Error, Hart argues that the State failed to present evidence sufficient to support a conviction for Aggravated Burglary. He also claims that the weight of the evidence does not support the conviction. In support, he contends that the State failed to prove the essential element of purpose to commit a criminal offense as required by R.C. 2911.11.
 {¶ 36} Hart was convicted of Aggravated Burglary in violation of R.C. 2911.11(A)(2) which provides that "(A) No person, by force, stealth, or deception, shall trespass in an occupied structure * * *, when another person other than an accomplice of the offender is present, with purpose to commit in the structure * * * any criminal offense, if any of the following apply: * * * (2) The offender has a deadly weapon or dangerous ordnance on or about the offender's person or under the offender's control."
 {¶ 37} Hart contends that the State was required to prove that he entered the Brown residence with the purpose to commit a criminal offense, and that the only offense charged by the State for which there was evidence that he had a purpose to commit the offense when he entered the residence was the Felonious Assault upon William Brown. Hart argues that since his conviction for Felonious Assault upon William Brown should be reversed, and since the State charged no other underlying criminal offense, the State failed to present evidence that he had a purpose to commit any criminal offense.
 {¶ 38} We disagree. As noted in Part III, above, we conclude that the conviction for Felonious Assault is supported by the evidence. Therefore, we conclude that the State did present sufficient and credible evidence that Hart had the purpose to commit a criminal offense when he entered the Brown home. Therefore, the Fourth Assignment of Error is overruled.
 VI {¶ 39} Hart's Fifth Assignment of Error states as follows:
 {¶ 40} "The aggravated burglary charge must also be dismissed because the only evidence offered upon the essential element of trespass was total hearsay to which the defendant had timely objected."
 {¶ 41} Hart contends that the State failed to demonstrate evidence sufficient to support a conviction for Aggravated Burglary, because it failed to prove the element of trespass, required by R.C. 2911.11(A). In support, he argues that the only evidence offered by the State on the element of trespass was inadmissible hearsay. Specifically, it appears that he is challenging the testimony of Detective Derringer, who indicated, over objection, that Robbie Brown had wanted to file charges against Hart following the shooting incident. Hart contends that this hearsay testimony was improperly used by the State to argue that the fact that Brown had wanted to file charges "meant that she had not given any consent, permission or privilege to the Defendants in this case to enter the residence at the time in question."
 {¶ 42} "Trespass" occurs when a "* * * person, without privilege to do so, knowingly enter[s] or remain[s] on the land or premises of another." R.C. 2911.21.
 {¶ 43} The undisputed evidence in this case shows that the front door to Brown's residence was forcibly broken down, and kicked in. This permits a reasonable inference that Hart did not have permission to enter the premises. Furthermore, even if Hart did not initially trespass, we conclude that a strong inference arises that once the shooting started, any permission Hart might have had to be in the residence was withdrawn, and that Hart knew that any privilege to remain on the premises was revoked. See, State v. Steffen (1987), 31 Ohio St.3d 111, 115.
 {¶ 44} We are not persuaded that the State failed to prove the essential element of trespass. We conclude that even without Derringer's testimony of which Hart complains, the evidence is overwhelming that Hart was upon the property without consent. Thus, any error in the admission of Derringer's testimony is harmless.
 {¶ 45} Hart's Fifth Assignment of Error is overruled.
 VII {¶ 46} Hart's Sixth Assignment of Error provides as follows:
 {¶ 47} "The obstruction charge must be dismissed because of this defendant being charged as an aider and abetter destroys the element of aiding and abetting `another' as a required essential element of this offense. The evidence on this court [sic] is legally insufficient to support a conviction of this charge and said conviction is against the manifest weight of the evidence."
 {¶ 48} Hart again argues that the evidence presented by the State is insufficient and does not support his conviction for Obstruction of Justice.
 {¶ 49} R.C. 2921.32(A)(4) provides in relevant part as follows:
 {¶ 50} "(A) No person, with purpose to hinder the discovery, apprehension, prosecution, conviction, or punishment of another for crime or to assist another to benefit from the commission of a crime, * * * shall do any of the following: (4) Destroy or conceal physical evidence of the crime or act * * *"
 {¶ 51} In order to convict Hart of this offense, the State was required to prove that he acted with purpose to hinder the discovery of the evidence, by helping to conceal the evidence.
 {¶ 52} In this case, the record establishes that a gun was thrown from the vehicle in which Hart, Nichols and Askew fled the Brown residence. An officer was following the car with his cruiser lights activated when the Aurora slowed, and a bullet proof vest was thrown out. The car then resumed moving, until stopped by the officer. The gun was linked to the shooting at the Brown home. Hart, Askew and Nichols were in the fleeing car, and Hart was the only person in the car to emerge from the driver's side. From this evidence, a reasonable juror could find that Hart, while driving the getaway car, slowed down to permit one of the passengers to throw the vest from the vehicle, and that Hart then drove off in an effort to draw the officer away from the evidence. We conclude that this is sufficient to support the conviction.
 {¶ 53} The Sixth Assignment of Error is overruled.
 VIII {¶ 54} All of Hart's Assignments of Error having been overruled, the judgment of the trial court is affirmed.
WOLFF and GRADY, JJ., concur.