[Cite as *State v. Trigg*, 2016-Ohio-2752.]

**IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
MONTGOMERY COUNTY**

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellee | : | Appellate Case No. 26757 |
| | : | |
| v. | : | Trial Court Case No. 15-CR-211 |
| | : | |
| JOHNNY L. TRIGG, JR. | : | (Criminal Appeal from |
| | : |  Common Pleas Court) |
| Defendant-Appellant | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on the 29th day of April, 2016.

. . . . . . . . . . .

MATHIAS H. HECK, JR., by MICHELE D. PHIPPS, Atty. Reg. No. 0069829, Montgomery County Prosecutor's Office, Appellate Division, Montgomery County Courts Building, P.O. Box 972, 301 West Third Street, Dayton, Ohio 45402
        Attorney for Plaintiff-Appellee

MICHAEL H. HOLZ, Atty. Reg. No. 0031902, 507 Wilmington Avenue, Suite 1, Dayton, Ohio 45420
        Attorney for Defendant-Appellant

. . . . . . . . . . . . .

HALL, J.

{¶ 1} Johnny L. Trigg, Jr. appeals from his conviction and sentence following a jury

trial on charges of aggravated burglary, felonious assault, and domestic violence.

{¶ 2} Trigg advances two assignments of error. First, he contends the State presented legally insufficient evidence to sustain his aggravated-burglary conviction. Second, he claims the trial court erred in failing to merge felonious assault and domestic violence as allied offenses of similar import.

{¶ 3} The charges against Trigg stemmed from his act of assaulting his girlfriend, Deanna Kelli-Ellison, inside the home of her aunt and uncle, Danielle and Anthony Waterhouse. The State's evidence at trial established that Kelli-Ellison went to stay with her aunt and uncle following an argument with Trigg. She arrived around 1:30 a.m. on January 3, 2015 along with her two small children. Kelli-Ellison placed one of the children in an extra bed. She took the other child to the family room to sleep on a couch. Trigg later appeared at the Waterhouse home and knocked on the front door. Mr. Waterhouse opened the door and allowed Trigg to enter. Trigg exchanged pleasantries with Mr. Waterhouse and proceeded to the family room where he and Kelli-Ellison talked for 10 to 15 minutes. At that point, Trigg began punching Kelli-Ellison in the face with a closed fist. Mrs. Waterhouse entered the room and witnessed the assault. As he was striking Kelli-Ellison, Trigg accused her of lying to him about seeing someone else. Mrs. Waterhouse watched Trigg punch Kelli-Ellison multiple times. She told him to stop, but he punched Kelli-Ellison three of four more times before leaving the house. After Trigg exited, Kelli-Ellison was taken to the hospital. She received 10 stitches to close cuts above and below her left eye, which was swollen and puffy. Her right eye was swollen shut, and three of her teeth were chipped or broken as a result of the assault. Mrs. Waterhouse testified that Trigg did not have permission to enter the home to beat Kelli-Ellison. She also testified

that Kelli-Ellison, a guest in her home, had permission to tell Trigg to leave.

{¶ 4} Based on the evidence presented, a jury found Trigg guilty of aggravated burglary, felonious assault, and domestic violence. The trial court imposed concurrent prison sentences of four years for aggravated burglary, four years for felonious assault, and 180 days for domestic violence. This appeal followed.

{¶ 5} In his first assignment of error, Trigg contends the State presented legally insufficient evidence to sustain his aggravated-burglary conviction. In particular, he challenges the sufficiency of the evidence to support a finding that he committed a "trespass" in the Waterhouse home.

{¶ 6} Trigg was convicted of aggravated burglary in violation of R.C. 2911.11(A)(1), which provides:

(A) No person, by force, stealth, or deception, shall trespass in an occupied structure * * * when another person other than an accomplice of the offender is present, with purpose to commit in the structure * * * any criminal offense, if any of the following apply:

(1) The offender inflicts, or attempts or threatens to inflict physical harm on another.

{¶ 7} Trigg argues that he did not trespass in the Waterhouse residence by force or stealth because Mr. Waterhouse greeted him at the front door and allowed him to enter. With regard to trespass by deception, Trigg argues that the evidence does not establish that he deceived Mr. Waterhouse in any way to gain entry. Specifically, he contends the State presented no evidence demonstrating that he planned to assault Kelli-Ellison when he entered the home. He notes that his relationship with Mr. and Mrs. Waterhouse was cordial and that he spoke with Kelli-Ellison for about 10 or 15 minutes before commencing

his assault. Absent evidence that he gained entry though deceptive tactics, Trigg insists that the State presented legally insufficient evidence to sustain his aggravated-burglary conviction. Therefore, he argues that the trial court should have sustained a Crim.R. 29 motion for a judgment of acquittal on that count.

{¶ 8} When a defendant challenges the legal sufficiency of the evidence, he is arguing that the State presented inadequate evidence on an element of the offense to sustain the verdict as a matter of law. *State v. Hawn*, 138 Ohio App.3d 449, 471, 741 N.E.2d 594 (2d Dist.2000). "An appellate court's function when reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." *State v. Jenks*, 61 Ohio St.3d 259, 574 N.E.2d 492 (1991), paragraph two of the syllabus.

{¶ 9} Upon review, we find legally sufficient evidence to sustain Trigg's aggravated-burglary conviction. With regard to the issue he raises, we note that a "trespass" occurs when a person knowingly enters *or remains* on the land or premises of another *without privilege to do so. State v. Perry*, 2d Dist. Montgomery No. 26421, 2015-Ohio-2181, ¶ 27, citing R.C. 2911.21(A)(1); *see also State v. Metcalf*, 2d Dist. Montgomery No. 24338, 2012-Ohio-6045, ¶ 19. We have recognized that "one who enters a home with permission becomes a trespasser, subject to conviction for aggravated burglary, if he assaults the victim after gaining entry." *Perry* at ¶ 29, citing *State v. Steffen*, 31 Ohio St.3d 111, 114-115, 509 N.E.2d 383 (1987). "Accordingly, a trier of fact is 'justified

in inferring from the evidence that appellant's privilege to remain in [the] home terminated the moment he commenced his assault[.]' " *Id.*, quoting *Steffen* at 115; *see also Metcalf* at ¶ 20, quoting 2 Katz, Martin, Lipton & Crocker, Criminal Law, Section 104:6 (3d Ed.) ("Pertinently, 'permission to enter a home is deemed terminated by the act of committing an offense of violence against a person authorized to revoke the permission.' "); *State v. Hart*, 2d Dist. Montgomery No. 19556, 2003-Ohio-5327, ¶ 43 ("Furthermore, even if Hart did not initially trespass, we conclude that a strong inference arises that once the shooting started, any permission Hart might have had to be in the residence was withdrawn, and that Hart knew that any privilege to remain on the premises was revoked.").

{¶ 10} Even if we accept that Trigg initially did not trespass when he entered the Waterhouse residence, the jury reasonably could have found that his privilege to be there implicitly was revoked, and he became a trespasser, the moment he commenced his assault on Kelli-Ellison, a person with authority to revoke his permission. Therefore, we reject Trigg's argument that the State presented legally insufficient evidence to establish the "trespass" element of the aggravated-burglary charge. The first assignment of error is overruled.

{¶ 11} In his second assignment of error, Trigg contends the trial court erred in failing to merge his convictions for felonious assault and domestic violence as allied offenses of similar import. For its part, the State concedes that the trial court erred in failing to merge the two convictions as allied offenses. Although the trial court imposed concurrent sentences and Trigg did not object, the State admits that the trial court's imposition of separate convictions and sentences for the two offenses constituted plain error under Crim.R. 52(B).

**{¶ 12}** Upon review, we agree that the allied-offense issue remains subject to plain-error review despite Trigg's failure to object below. *State v. Rogers*, 143 Ohio St.3d 385, 2015-Ohio-2459, 38 N.E.3d 860, ¶ 3 (finding that "[a]n accused's failure to raise the issue of allied offenses of similar import in the trial court forfeits all but plain error"). We also agree with the parties that the trial court committed plain error in failing to merge the felonious-assault and domestic-violence convictions as allied offenses of similar import.

**{¶ 13}** " 'As a practical matter, when determining whether offenses are allied offenses of similar import within the meaning of R.C. 2941.25, courts must ask three questions when defendant's conduct supports multiple offenses: (1) Were the offenses dissimilar in import or significance? (2) Were they committed separately? and (3) Were they committed with separate animus or motivation? An affirmative answer to any of the above will permit separate convictions. The conduct, the animus, and the import must all be considered.' " *State v. Earley*, Slip Opinion No. 2015-Ohio-4615, ¶ 12, quoting *State v. Ruff*, 143 Ohio St.3d 114, 2015-Ohio-995, 34 N.E.3d 892, ¶ 31.

**{¶ 14}** Here the felonious assault and the domestic violence did not involve separate conduct or a separate animus. Both offenses involved Trigg's act of punching Kelli-Ellison in the face because he believed she was seeing another man. Both offenses plainly involved the same conduct and the same purpose. The only remaining question is whether the two offenses were of dissimilar import. Under *Ruff*, "two or more offenses of dissimilar import exist within the meaning of R.C. 2941.25(B) when the defendant's conduct constitutes offenses involving separate victims or if the harm that results from each offense is separate and identifiable." *Ruff* at ¶ 23; *see also Rogers* at ¶ 4

(recognizing that "allied offenses are not offenses of similar import if the offender's conduct constitutes offenses against different victims or if the harm that results from each offense is separate and identifiable"). Trigg's felonious assault and domestic violence did not involve separate victims. Nor was the harm to Kelli-Ellison from each offense separate and identifiable. Because the record demonstrates that Trigg was sentenced separately for two allied offenses of similar import committed with the same conduct and without a separate animus, he has established plain error. *Compare Rogers* at ¶ 5. Accordingly, the second assignment of error is sustained.

{¶ 15} Based on the reasoning set forth above, the trial court's judgment is reversed with respect to its failure to merge Trigg's felonious-assault and domestic-violence convictions as allied offenses of similar import. The cause is remanded for resentencing for the State to select one of the two offenses to proceed to sentencing. In all other respects, the trial court's judgment is affirmed.

{¶ 16} Judgment affirmed in part, reversed in part, and cause remanded.

. . . . . . . . . . . . .

DONOVAN, P.J., and FROELICH, J., concur.


Copies mailed to:

Mathias H. Heck
Michele D. Phipps
Michael H. Holz
Hon. Richard Skelton