## STATE of Vermont v. Richard MARCELLO

[599 A.2d 357]

No. 90-125

September 19, 1991. Defendant appeals the denial of his motion to suppress evidence under the Fourth Amendment to the United States Constitution, and Chapter I, Article 11, of the Vermont Constitution, contending that a state trooper did not have reasonable suspicion to justify stopping defendant's vehicle. The trial court held that the trooper had probable cause to stop defendant. We disagree and hold that the trooper lacked probable cause or reasonable suspicion of criminal activity; however, the stop was justified on other grounds. Therefore, we affirm the trial court's denial of defendant's motion to suppress.

On October 16, 1989, a motorist driving north on Interstate 89 told a state trooper driving in the same direction to stop defendant's car, because "[t]here's something wrong with that man." The trooper stopped both motorists based on this information. The trooper later arrested defendant for violating 23 V.S.A. § 1201(a)(2), which prohibits operating a motor vehicle while under the influence of intoxicating liquor, after observing obvious signs of intoxication. Defendant entered a conditional guilty plea, reserving the right to appeal the denial of his motion to suppress the fruits of the stop. See V.R.Cr.P. 11.

Generally, the Fourth Amendment to the United States Constitution and Chapter I, Article 11, of the Vermont Constitution require that police officers have reasonable and articulable suspicion that someone is engaged in

criminal activity, or is violating a motor vehicle law, before conducting an investigatory stop. *Brown v. Texas*, 443 U.S. 47, 51 (1979); *Terry v. Ohio*, 392 U.S. 1, 21 (1968); *State v. Siergiey*, 155 Vt. 78, 80–81, 582 A.2d 119, 120–21 (1990); *State v. Emilo*, 144 Vt. 477, 481, 479 A.2d 169, 171 (1984). Here, the trooper had no reasonable and articulable suspicion that defendant was committing a crime because she did not see him engage in any unusual behavior, or violate any motor vehicle law. Therefore, the trial court's ruling that the trooper had probable cause to stop defendant was clearly erroneous.

In some circumstances, however, police officers without reasonable suspicion of criminal activity are allowed to intrude on a person's privacy to carry out "community caretaking" functions to enhance public safety. *Cady v. Dombrowski*, 413 U.S. 433, 441 (1973); see also *Crauthers v. State*, 727 P.2d 9, 10–11 (Alaska 1986) (requests for assistance from the public fall within a law enforcement officer's "community caretaking function"). The key to such constitutionally permissible police action is reasonableness. Stopping defendant's vehicle was a reasonable police response in these circumstances because the police have an essential role as public servants to "assist those in distress and to maintain and foster public safety." *State v. Pinkham*, 565 A.2d 318, 319 (Me. 1989).

In addition, reasonable and articulable suspicion does not always involve suspicion of criminal activity, and safety reasons alone can be sufficient to justify a stop, but they must be based upon specific and articulable facts. *Id.* Here, the trooper had specific and articulable facts, namely a passing driver's "excited utterance" that another driver needed help. Under the circumstances, the information was sufficiently reliable to permit the trooper to make a public interest stop. The trooper did not know the nature of defendant's problem, which could have involved serious illness or physical injury. The most reasonable course of action under these circumstances was to immediately stop the vehicles to determine if assistance was needed.

*Affirmed.*