OPINION
{¶ 1} Plaintiff-Appellant, the State of Ohio, appeals from a judgment of the Bellefontaine Municipal Court, granting the motion to suppress of Defendant-Appellee, Michael R. Purtee.
 {¶ 2} On November 8, 2003, at 1:06 a.m., an Ohio State Highway Patrol Trooper observed Purtee travel two tire widths over the white edge line on the right side of State Route 235. A short distance later, the Trooper again observed the vehicle's right tires cross the white edge line. Accordingly, the Trooper commenced a traffic stop.
 {¶ 3} After commencing the traffic stop, the Trooper noticed the smell of alcohol coming from inside of Purtee's car and noticed that his eyes were bloodshot and glassy. The Trooper also observed a bottle of beer in Purtee's cup holder. Based upon these observations, the Trooper administered several roadside sobriety tests, all of which Purtee failed. Purtee was then placed under arrest for driving under the influence of alcohol in violation of R.C. 4511.19(A)(1), a misdemeanor of the first degree. He was also charged with disobeying a traffic control device in violation of R.C. 4511.12(A), a minor misdemeanor.
 {¶ 4} At a pretrial suppression hearing, Purtee challenged the legality of the stop and sought to have the evidence gathered during his traffic stop suppressed. Purtee claimed that the Trooper had no reasonable articulable suspicion to commence a traffic stop and that all of the evidence gathered as a result of the traffic stop was illegally obtained. The State argued that driving over the white edge line constituted a violation of R.C. 4511.12(A) and that the stop was per se reasonable. The trial court ruled that crossing the white edge line was not a violation of Ohio law and that the Trooper did not have reasonable grounds to believe that a traffic offense had been committed. The trial court also found that the facts of the case did not give rise to a sufficient reasonable articulable suspicion necessary to justify a stop of Purtee's vehicle. Accordingly, the evidence gathered during the traffic stop was suppressed, and the charges against Purtee were dismissed. The State appeals from this judgment, presenting one assignment of error for our review.
 Assignment of Error The trial court erred when it held that Defendant's crossing of the white edge line did not violate the law and therefore justify the stop of the Defendant's vehicle.
 {¶ 5} The State contends that the trial court wrongfully suppressed the evidence obtained during Purtee's traffic stop. It maintains the trial court erred in finding that the Trooper did not have reasonable grounds to believe that a traffic offense had been committed.
 {¶ 6} Both the Fourth Amendment of the United States Constitution and Section 14, Article I of the Ohio Constitution protect persons from "unreasonable searches and seizures" by the government. State v.Jackson, 102 Ohio St.3d 380, 2004-Ohio-3206, at ¶ 8. Under the exclusionary rule, evidence gained during an unreasonable search and seizure must be suppressed. Id.
 {¶ 7} Normally, a police officer is required to have a reasonable articulable suspicion in order to stop a motorist. State v. Keck, 3rd Dist. No. 5-03-27, 2004-Ohio-1396, at ¶ 11; State v. Bobo (1988),37 Ohio St.3d 177, 179; Terry v. Ohio (1968), 392 U.S. 1, 21,88 S.Ct. 1868, 20 L.Ed.2d 889. However, the Ohio Supreme Court has stated that "[w]here a police officer stops a vehicle based on probable cause that a traffic violation has occurred or was occurring, the stop is not unreasonable under the Fourth Amendment to the United States Constitution even if the officer had some ulterior motive for making the stop, such as a suspicion that the violator was engaging in more nefarious criminal activity." Dayton v. Erickson (1996),76 Ohio St.3d 3, at the syllabus. The United States Supreme Court has also endorsed such a rule. Whren v. U.S. (1996), 517 U.S. 806, 810-813,116 S.Ct. 1769.
 {¶ 8} Initially, this Court must evaluate whether an officer had sufficient reasonable articulable suspicion necessary to commence a traffic stop by evaluating the objective facts surrounding the traffic stop and disregarding the officer's subjective intention or motivation.Erickson, 76 Ohio St.3d at 11-12.
 {¶ 9} "'Specific and articulable facts' that will justify an investigatory stop by way of reasonable suspicion include: (1) location; (2) the officer's experience, training or knowledge; (3) the suspect's conduct or appearance; and (4) the surrounding circumstances." State v.Gaylord, 9th Dist. No. 22406, 2005-Ohio-2138, at ¶ 9, citing State v.Bobo (1988), 37 Ohio St.3d 177, 178-79; State v. Davison, 9th Dist. No. 21825, 2004-Ohio-3251, at ¶ 6. However, the reasonable articulable suspicion need not be a suspicion of criminal activity. State v.Norman, 136 Ohio App.3d 46, 53-54, 735 N.E.2d 453, 1999-Ohio-961. InNorman, this Court held that
 Clearly, under appropriate circumstances a law enforcement officer may be justified in approaching a vehicle to provide assistance, without needing any reasonable basis to suspect criminal activity. See State v. Langseth (N.D. 1992), 492 N.W.2d 298, 300; State v. Brown (N.D. 1993), 509 N.W.2d 69; People v. Murray (1990), 137 Ill.2d 382, 148 Ill.Dec. 7, 560 N.E.2d 309; Crauthers v. Alaska (Alaska App. 1986), 727 P.2d 9; State v. Pinkham (Me. 1989), 565 A.2d 318; State v. Marcello (Vt. 1991), 157 Vt. 657, 599 A.2d 357; State v. Oxley (N.H. 1985), 127 N.H. 407, 503 A.2d 756. Police officers without reasonable suspicion of criminal activity are allowed to intrude on a person's privacy to carry out "community caretaking functions" to enhance public safety. The key to such permissible police action is the reasonableness required by the Fourth Amendment. When approaching a vehicle for safety reasons, the police officer must be able to point to reasonable, articulable facts upon which to base her safety concerns. Such a requirement allows a reviewing court to answer Terry's fundamental question in the affirmative: "would the facts available to the officer at the moment of the seizure or the search 'warrant a man of reasonable caution in the belief' that the action taken was appropriate?" [Terry], 392 U.S. at 21-22.
Norman, 136 Ohio App.3d at 54.
 {¶ 10} The facts before this Court present a situation where a man of reasonable caution would believe that the investigatory stop of Purtee's vehicle was reasonable and appropriate. At approximately 1:06 a.m. in the early morning hours of Sunday, November 8, 2003, the Trooper herein observed Purtee twice cross the white edge line along the right side of State Route 235. The first time he crossed the line by two tire widths. A short distance later, he crossed the line by one tire width. Given the time of the infraction and the fact that Purtee left his lane of travel twice within such a short distance, the officer clearly had sufficient reasonable articulable suspicion necessary to commence an investigatory stop. A reasonable person of cautious belief would reason that such erratic driving at that time of the night could be the result of either intoxication or fatigue. Either way, such a suspicion justifies an investigatory stop in order to determine whether the driver needed aid or a crime was being committed. See State v. King (March 26, 1999), 1st Dist. Nos. C-980523, C-980524 (holding that a reasonable belief that a driver was falling asleep would give rise to a reasonable articulable suspicion sufficient to commence an investigatory stop).
 {¶ 11} In sum, we find that it is unnecessary in this case to address whether crossing the white edge line along the right side of a roadway is a failure to obey the instruction of a traffic control device in violation of R.C. 4511.12(A), because the facts in the record, under an objective review, reveal a reasonable articulable suspicion sufficient to support an investigatory stop of Purtee's vehicle. Accordingly, on this basis and to this extent only, the State's sole assignment of error is sustained.
 {¶ 12} Having found error prejudicial to the appellant herein, in the particulars assigned and argued, we reverse the judgment of suppression entered in the trial court and remand the matter for further proceedings consistent with this opinion.
Judgment reversed and cause remanded.