OPINION
{¶ 1} Defendant-Appellant Denise Hoffman ("Hoffman") appeals from the January 9, 2008 Nunc Pro Tunc Judgment Entry of Sentencing of the Marion Municipal Court, Marion County, Ohio.
 {¶ 2} This matter stems from a traffic stop occurring at approximately 2:22 a.m. on July 21, 2007 in Marion, Ohio. On this date Trooper Nicholas Malo ("Malo") of the Ohio State Highway Patrol was driving northbound on Main Street when he observed Hoffman's vehicle driving in front of him. While driving behind Hoffman, Malo observed that Hoffman's vehicle was in the northbound left lane, but then drifted over the dashed white line into the northbound right lane on two separate occasions. Malo subsequently initiated a traffic stop of Hoffman's vehicle whereupon he issued her a ticket for Operating a Vehicle Under the Influence of Alcohol in violation of R.C. 4511.19(A)(1)(a) and (A)(1)(d), failing to maintain her vehicle within marked lanes in violation of R.C. 4511.33 and failure to wear her safety belt in violation of R.C. 4513.263.
 {¶ 3} On August 2, 2007 Hoffman entered a written plea of not guilty, waived a reading of the complaint, and demanded a trial by jury. On August 31, 2007 Hoffman filed a motion to suppress evidence in which Hoffman argued that the stop of her vehicle on July 21, 2007 was not supported by reasonable suspicion or probable cause. On October 4, 2007 the trial court conducted a hearing on *Page 3 
Hoffman's motion to suppress and on November 1, 2007 the trial court entered its Ruling on Motion to Suppress, denying Hoffman's motion.
 {¶ 4} On November 16, 2007 Hoffman entered a plea of no contest to the charge of Operating a Vehicle Under the Influence of Alcohol. Pursuant to the trial court's November 16, 2007 Judgment Entry, the court accepted Hoffman's plea of no contest, found her guilty, and sentenced her to a term of 90 days in jail with 80 days suspended, a fine of $1,000 with $400 suspended, and a three year suspension of her driver's license.
 {¶ 5} On November 26, 2007 Hoffman filed a notice of appeal. However, on December 20, 2007 this court issued a Journal Entry dismissing Hoffman's appeal for lack of jurisdiction as the trial court's November 16, 2007 Judgment Entry was not a final order pursuant to R.C. 2505.02. Specifically, this court found that the Judgment Entry was unclear as it did not clearly reflect what offense Hoffman's plea, conviction, and sentence related to. Accordingly, this matter was remanded to the trial court for execution of the judgment for costs.
 {¶ 6} On January 9, 2008 the trial court issued a Nunc Pro Tunc Judgment Entry of Sentencing, modifying the court's November 16, 2007 Judgment Entry to reflect that Hoffman "was found guilty and sentenced for a violation of R.C. 4511.19(A)(1)(d), Operating a Vehicle Under the Influence of Alcohol, a second offense." *Page 4 
 {¶ 7} Hoffman now appeals, asserting one assignment of error.
 ASSIGNMENT OF ERROR THE TRIAL COURT ERRED TO THE PREJUDICE OF DEFENDANT-APPELLANT BY DENYING HER MOTION TO SUPPRESS EVIDENCE.
 {¶ 8} In her sole assignment of error, Hoffman contends that the trial court erred when it denied her motion to suppress. Specifically, Hoffman contends that the record fails to establish that the law enforcement officer had reasonable, articulable suspicion or probable cause to stop her vehicle.
 {¶ 9} When a trial court considers a motion to suppress, it must make both factual and legal determinations. State v. Jones, 9th Dist. No. 20810, 2002-Ohio-1109 citing Ornelas v.U.S. (1996), 517 U.S. 690, 699, 116 S.Ct.1657, 134 L.Ed.2d 911, 920. Moreover, when we review a trial court's decision that evidence arising out of a challenged seizure should not be suppressed we apply the law,de novo, to the facts as determined by the trial court. Id. At a suppression hearing, the trial court assumes the role of trier of fact and is therefore in the best position to resolve factual questions and evaluate the credibility of witnesses. State v. Carter (1995),72 Ohio St.3d 545, 552, 651 N.E.2d 965; State v. Mills (1992),62 Ohio St.3d 357, 366, 582 N.E.2d 972.
 {¶ 10} Furthermore, when reviewing a trial court's decision on a motion to suppress, an appellate court must uphold the trial court's findings of fact if they *Page 5 
are supported by competent, credible evidence. State v. Dunlap (1995),73 Ohio St.3d 308, 314, 652 N.E.2d 988. We must defer to "the trial court's findings of fact and rely on its ability to evaluate the credibility of witnesses[,]" and then independently review whether the trial court applied the correct legal standard. State v. Anderson
(1995), 100 Ohio App.3d 688, 691, 654 N.E.2d 1034.
 {¶ 11} Both the Fourth Amendment of the United States Constitution and Section 14, Article I of the Ohio Constitution protect persons from "unreasonable searches and seizures" by the government. State v.Jackson (2004), 102 Ohio St.3d 380, 381, 811 N.E.2d 68. Under the exclusionary rule, evidence gained during an unreasonable search and seizure must be suppressed. Id.
 {¶ 12} Normally, a police officer is required to have a reasonable articulable suspicion in order to stop a motorist. State v. Keck, 3rd Dist. No. 5-03-27, 2004-Ohio-1396, at ¶ 11; State v.Bobo (1998) 37 Ohio St.3d 177, 179, 524 N.E.2d 489; Terry v. Ohio
(1968), 392 U.S.1, 21, 88 S.Ct. 1868, 20 L.Ed.2d 889. However, the Ohio Supreme Court has stated that "[w]here a police officer stops a vehicle based on probable cause that a traffic violation has occurred or was occurring, the stop is not unreasonable under the Fourth Amendment to the United States Constitution even if the officer had some ulterior motive for making the stop, such as a suspicion that the violator was engaging in more nefarious criminal activity." Dayton v. Erickson
(1996), 76 Ohio St.3d 3, 665 NE.2d 1091, 1996-Ohio-431, *Page 6 
at the syllabus. The United States Supreme Court has also endorsed such a rule. Whren v. U.S. (1996), 517 U.S. 806, 810-813, 116 S.Ct. 1769.
 {¶ 13} Initially, when evaluating the constitutionality of a traffic stop, this court must evaluate whether an officer had sufficient reasonable articulable suspicion necessary to commence a traffic stop by evaluating the objective facts surrounding the traffic stop and disregarding the officer's subjective intention or motivation.Erickson, 76 Ohio St.3d at 11-12.
 {¶ 14} In State v. Purtee, 3rd Dist. No. 8-04-10,2006-Ohio-6337 this court reasoned as follows:
 "`Specific and articulable facts' that will justify an investigatory stop by way of reasonable suspicion include: (1) location; (2) the officer's experience, training or knowledge; (3) the suspect's conduct or appearance; and (4) the surrounding circumstances." State v. Gaylord, 9th Dist. No. 22406, 2005-Ohio-2138, at ¶ 9, citing State v. Bobo (1988), 37 Ohio St.3d 177, 178-79; State v. Davison, 9th Dist. No. 21825, 2004-Ohio-3251, at ¶ 6. However, the reasonable articulable suspicion need not be a suspicion of criminal activity. State v. Norman, 136 Ohio App.3d 46, 53-54, 735 N.E.2d 453, 1999-Ohio-961. In Norman, this Court held that:
 Clearly, under appropriate circumstances a law enforcement officer may be justified in approaching a vehicle to provide assistance, without needing any reasonable basis to suspect criminal activity. See State v. Langseth (N.D. 1992), 492 N.W.2d 298, 300; State v. Brown (N.D. 1993), 509 N.W.2d 69; People v. Murray (1990), 137 Ill.2d 382, 148 Ill. Dec. 7, 560 N.E.2d 309; Crauthers v. Alaska (Alaska App. 1986), 727 P.2d 9; State v. Pinkham (Me. 1989), 565 A.2d 318; State v. Marcello (Vt. 1991), 157 Vt. 657, 599 A.2d 357; State v. Oxley (N.H. 1985), 127 N.H. 407, 503 A.2d 756. Police officers without reasonable suspicion of criminal activity are allowed to intrude on a person's privacy *Page 7 to carry out "community caretaking functions" to enhance public safety. The key to such permissible police action is the reasonableness required by the Fourth Amendment. When approaching a vehicle for safety reasons, the police officer must be able to point to reasonable, articulable facts upon which to base her safety concerns. Such a requirement allows a reviewing court to answer Terry's fundamental question in the affirmative: "would the facts available to the officer at the moment of the seizure or the search `warrant a man of reasonable caution in the belief' that the action taken was appropriate?" [Terry], 392 U.S. at 21-22.
State v. Purtee, 2006-Ohio-6337 at ¶ 8-9 citing State v. Norman,136 Ohio App.3d 46, 54, 735 N.E.2d 953.
 {¶ 15} In the present case, Hoffman was charged with failing to maintain her vehicle within marked lanes in violation of R.C. 4511.33
which provides, in relevant part, as follows:
 (A) Whenever any roadway has been divided into two or more clearly marked lanes for traffic, or wherever within municipal corporations traffic is lawfully moving in two or more substantially continuous lines in the same direction, the following rules apply:
 (1) A vehicle or trackless trolley shall be driven, as nearly as is practicable, entirely within a single lane or line of traffic and shall not be moved from such lane or line until the driver has first ascertained that such movement can be made with safety.
 {¶ 16} Trooper Malo was the only witness to testify at the October 4, 2007 suppression hearing. Malo testified that he had been employed by the Ohio State Highway Patrol for over seven years. Malo testified that on July 21, 2007 at *Page 8 
approximately 2:22 a.m., he was heading northbound on Main Street when he observed Hoffman's vehicle, a late model van in poor condition, in front of him in the left lane of travel. Malo testified that this portion of Main Street has four lanes — two that are northbound and two that are southbound. Malo testified that he observed Hoffman's vehicle driving in the left lane of travel, but testified that she "drifted into the right lane of travel . . . by one to two tire widths on two separate occasions." Malo testified that he then initiated a traffic stop of Hoffman's vehicle "for the marked lane violation, for traveling from the left to the right lane by one to two tire widths." Malo also testified that one to two tire widths was approximately six to eighteen inches.
 {¶ 17} Upon inquiry from the court regarding general safety concerns, Malo testified that "in that general area . . . I do have a concern for any vehicles that are going to be drifting over, especially 6-18 inches, because if they drift over 6-18 inches on the left, they're going to be coming into southbound lanes of travel. So it's only a matter of time if — normally, if someone is going to be driving over to the right, they're going to make a correction and possibly go into the left lanes of travel."
 {¶ 18} Additionally, when asked by the court whether Hoffman's actions in the present case were different from the general slight drifting of other drivers that *Page 9 
Malo may have observed in the past, Malo clarified the reasons he initiated the traffic stop of Hoffman and testified as follows:
 Usually when you see a vehicle that might drift over, at least in my experience, they make the correction and they stay on their course, and they don't commit another violation. And if they do make a marked lanes violation, it's usually by half a tire width to a tire width, not one to two . . . So there is quite an extensive amount, or quite an extensive portion of a vehicle that's in the other lanes of travel.
 When you start to see, you know, two marked lane violations, it starts to raise a little bit more concern that the person maybe wasn't just changing a channel on a radio, or having problems with a cell phone, or something like that. It leads you to believe there's other, you know, there's other contributing circumstances for the reason why they're driving in such a fashion. That's why a traffic stop was initiated that night.
 {¶ 19} We note that in its November 1, 2007 Ruling on Motion to Suppress, the trial court determined that Hoffman was observed by the Trooper operating a motor vehicle outside of the marked lanes and determined that this was sufficient reason to stop a vehicle. Accordingly, the trial court determined that Malo "had probable cause and reasonable, articulable suspicion to stop Hoffman for a violation of R.C. 4511.33."
 {¶ 20} Based on the totality of the circumstances in this case, Hoffman's act of drifting back and forth between two lanes marked for vehicular travel, on two separate occasions, constituted a violation of R.C. 4511.33 and, as such, provided probable cause for a constitutionally valid traffic stop. Furthermore, the totality of *Page 10 
the circumstances supports the trial court's determination that Trooper Malo had a reasonable, articulable suspicion to affect an investigatory stop based on the facts of this case. Therefore, the trial court did not err in overruling Hoffman's motion to suppress and Hoffman's sole assignment of error is overruled.
 {¶ 21} The judgment of the Marion County Municipal Court is affirmed.
Judgment Affirmed.
 PRESTON and WILLAMOWSKI, J.J., concur. *Page 1