OPINION *Page 2 
{¶ 1} Plaintiff-Appellant, the State of Ohio appeals from the December 17, 2007 decision of the Sidney Municipal Court, Shelby County, Ohio granting the motion to suppress filed by Defendant-Appellee Phillip L. Karkiewicz ("Karkiewicz").
 {¶ 2} This matter stems from a traffic stop occurring on September 28, 2007, while Karkiewicz was driving his semi-truck. With respect to the stop, the trial court made the following findings of fact which are not in dispute.
 1. Trooper Ellison observed the Defendant drive his vehicle across the right hand white edge line and hit the rumble strips in the pavement on Interstate 75 which are approximately twelve inches from the white edge line.
 2. The Defendant crossed the right hand edge line only once and the crossing was only for a short distance.
 3. The Trooper followed the Defendant for some unspecified distance where he made the traffic stop.
 4. The Defendant was charged with Gross Overload in violation of Ohio Revised Code Section 5577.04(E).
Neither the State nor Karkiewicz contest this version of the facts. In addition to the facts as found by the trial court, we note that this stop occurred at approximately 2:20-3:00 a.m. Trooper Ellison testified that he stopped Karkiewicz's vehicle as a well-being check, to determine if the driver was dozing off. *Page 3 
 {¶ 3} Karkiewicz pled not guilty on October 5, 2007. On October 15, 2007 Karkiewicz filed a motion to suppress, challenging the stop of his vehicle. Specifically, Karkiewicz argued that crossing the right hand white line was not sufficient to create probable cause to stop the vehicle.
 {¶ 4} A hearing on the motion was held on November 13, 2007. All parties were given time to file additional memorandum. On December 17, 2007 the trial court granted Karkiewicz's motion to suppress making the following conclusions of law:
 1. The Trooper did not observe the Defendant violating a specific section of the Traffic Code;
 2. Observing the Defendant cross the right edge line did not give rise to a reasonable and articulable suspicion to initiate a traffic stop.
 {¶ 5} The State now appeals asserting a single assignment of error.
 ASSIGNMENT OF ERROR THE TRIAL COURT ERRED IN FINDING THE OFFICER DID NOT MAKE A VALID STOP.
 {¶ 6} In its first assignment of error, the State argues that trial court erred in finding that Trooper Ellison did not make a valid traffic stop. When a trial court considers a motion to suppress, it must make both factual and legal determinations. State v. Jones, 9th Dist. No. 20810, 2002-Ohio-1109 citing Ornelas v. U.S . (1996), 517 U.S. 690, 699,116 S.Ct. 1657, 134 L.Ed.2d 911, 920. *Page 4 
Moreover, when we review a trial court's decision that evidence arising out of a challenged seizure should not be suppressed we apply the law,de novo, to the facts as determined by the trial court. Id. At a suppression hearing, the trial court assumes the role of trier of fact and is therefore in the best position to resolve factual questions and evaluate the credibility of witnesses. State v. Carter (1995),72 Ohio St.3d 545, 552, 651 N.E.2d 965, 1995-Ohio-104; State v. Mills (1992),62 Ohio St.3d 357, 366, 582 N.E.2d 972.
 {¶ 7} Furthermore, when reviewing a trial court's decision on a motion to suppress, an appellate court must uphold the trial court's findings of fact if they are supported by competent, credible evidence. State v.Dunlap (1995), 73 Ohio St.3d 308, 314, 652 N.E.2d 988, 1995-Ohio-243. We must defer to "the trial court's findings of fact and rely on its ability to evaluate the credibility of witnesses[,]" and then independently review whether the trial court applied the correct legal standard. State v. Anderson (1995), 100 Ohio App.3d 688, 691,654 N.E.2d 1034.
 {¶ 8} Both the Fourth Amendment of the United States Constitution and Section 14, Article I of the Ohio Constitution protect persons from "unreasonable searches and seizures" by the government. State v.Jackson, 102 Ohio St.3d 380, 811 N.E.2d 68, 2004-Ohio-3206, at ¶ 8. Under the exclusionary rule, evidence gained during an unreasonable search and seizure must be suppressed. Id. *Page 5 
 {¶ 9} Normally, a police officer is required to have a reasonable articulable suspicion in order to stop a motorist. State v. Keck, 3rd Dist. No. 5-03-27, 2004-Ohio-1396, at ¶ 11; State v. Bobo (1988),37 Ohio St.3d 177, 179, 524 N.E.2d 489; Terry v. Ohio (1968), 392 U.S. 1,21, 88 S.Ct. 1868, 20 L.Ed.2d 889. However, the Ohio Supreme Court has stated that "[w]here a police officer stops a vehicle based on probable cause that a traffic violation has occurred or was occurring, the stop is not unreasonable under the Fourth Amendment to the United States Constitution even if the officer had some ulterior motive for making the stop, such as a suspicion that the violator was engaging in more nefarious criminal activity." Dayton v. Erickson (1996),76 Ohio St.3d 3, 665 N.E.2d 1091, 1996-Ohio-431, at the syllabus. The United States Supreme Court has also endorsed such a rule. Whren v. U.S. (1996),517 U.S. 806, 810-813, 116 S.Ct. 1769.
 {¶ 10} Initially, when evaluating the constitutionality of a traffic stop, this Court must evaluate whether an officer had sufficient reasonable articulable suspicion necessary to commence a traffic stop by evaluating the objective facts surrounding the traffic stop and disregarding the officer's subjective intention or motivation.Erickson, 76 Ohio St.3d at 11-12.
 {¶ 11} This Court has previously evaluated facts similar to those in the case sub judice in State v. Purtee, 3rd Dist. No. 8-04-10, 2006-Ohio-6337. In Purtee, this Court reasoned that: *Page 6 
 "`Specific and articulable facts' that will justify an investigatory stop by way of reasonable suspicion include: (1) location; (2) the officer's experience, training or knowledge; (3) the suspect's conduct or appearance; and (4) the surrounding circumstances." State v. Gaylord, 9th Dist. No. 22406, 2005-Ohio-2138, at ¶ 9, citing State v. Bobo (1988), 37 Ohio St.3d 177, 178-79; State v. Davison, 9th Dist. No. 21825, 2004-Ohio-3251, at ¶ 6. However, the reasonable articulable suspicion need not be a suspicion of criminal activity. State v. Norman, 136 Ohio App.3d 46, 53-54, 735 N.E.2d 453, 1999-Ohio-961. In Norman, this Court held that:
 Clearly, under appropriate circumstances a law enforcement officer may be justified in approaching a vehicle to provide assistance, without needing any reasonable basis to suspect criminal activity. See State v. Langseth (N.D. 1992), 492 N.W.2d 298, 300; State v. Brown (N.D. 1993), 509 N.W.2d 69; People v. Murray (1990), 137 Ill.2d 382, 148 Ill. Dec. 7, 560 N.E.2d 309; Crauthers v. Alaska (Alaska App. 1986), 727 P.2d 9; State v. Pinkham (Me. 1989), 565 A.2d 318; State v. Marcello (Vt. 1991), 157 Vt. 657, 599 A.2d 357; State v. Oxley (N.H. 1985), 127 N.H. 407, 503 A.2d 756. Police officers without reasonable suspicion of criminal activity are allowed to intrude on a person's privacy to carry out "community caretaking functions" to enhance public safety. The key to such permissible police action is the reasonableness required by the Fourth Amendment. When approaching a vehicle for safety reasons, the police officer must be able to point to reasonable, articulable facts upon which to base her safety concerns. Such a requirement allows a reviewing court to answer Terry's fundamental question in the affirmative: "would the facts available to the officer at the moment of the seizure or the search `warrant a man of reasonable caution in the belief' that the action taken was appropriate?" [Terry], 392 U.S. at 21-22.
State v. Purtee, 2006-Ohio-6337 at ¶ 9-10 citing State v. Norman,136 Ohio App.3d 46, 54, 735 N.E.2d 953. *Page 7 
 {¶ 12} The facts in Purtee are similar to the facts of the case at bar, where Purtee's vehicle was stopped in the early hours of a Sunday morning, after the Trooper observed the vehicle cross the white line twice; once by approximately two tire widths and a second time by a single tire width. The Purtee Court found that the Trooper had a sufficient reasonable articulable suspicion necessary to commence an investigatory stop. This Court held that "a reasonable person of cautious belief would reason that such erratic driving at that time of the night could be the result of either intoxication or fatigue. Either way, such a suspicion justifies an investigatory stop in order to determine whether the driver needed aid or a crime was being committed."Purtee, 2006-Ohio-6337 at ¶ 10 citing State v. King (March 26, 1999), 1st Dist. Nos. C-980523, C-980524 (holding that a reasonable belief that a driver was falling asleep would give rise to a reasonable articulable suspicion sufficient to commence an investigatory stop).
 {¶ 13} In the present case, Trooper Ellison testified that Karkiewicz was stopped at approximately 3 a.m. and that the stop was conducted with the concern that he may be dozing off. Based on its decision, it is apparent the trial court either did not find the Trooper's testimony to be entirely credible or did not believe the evidence demonstrated a sufficient basis for an investigative or safety stop by the officer. While we may not have made the same assessment of the evidence as the trial court, we cannot say that in this instance, the decision of the *Page 8 
trial court was not supported by some competent credible evidence or that the trial court's decision constituted an abuse of discretion or that the decision was otherwise contrary to law.
 {¶ 14} Accordingly, on this basis, the State's sole assignment of error is overruled. Having found no error prejudicial to the appellant herein, we affirm the decision of the Sidney Municipal Court, Shelby County, Ohio granting Karkiewicz's motion to suppress.
Judgment Affirmed.
 PRESTON and ROGERS, J.J., concur. *Page 1