OPINION *Page 2 
{¶ 1} Defendant-appellant, Richard A. Moore (hereinafter "Moore"), appeals the judgment of the Marion County Municipal Court denying his motion to suppress evidence seized following a traffic stop. For reasons that follow, we affirm.
 {¶ 2} On February 22, 2007 at 7:55 p.m., Trooper Walsh of the Ohio State Highway Patrol was sitting in his cruiser at the intersection of Marion-Willamsport Road and State Route 4 in Marion County, Ohio. (Jul. 12, 2007 Tr. at 4-5). Trooper Walsh was stopped for a red light in the southbound turn lane on State Route 4 waiting to turn onto Marion-Williamsport Road. (Id. at 5). As he was waiting, Trooper Walsh witnessed Moore driving westbound on Marion-Williamsport Road and turning southbound onto State Route 4. (Id.). As Moore turned left, he drove "the entire right half of the car" over the right white edge line and off the side of the road. (Id.). Trooper Walsh activated his overhead lights and initiated a traffic stop. (Id.).
 {¶ 3} As a result of the traffic stop, Moore was charged with operating a vehicle under the influence of alcohol ("OVI") in violation of R.C. 4511.19(A)(1)(a) and lanes of travel in violation of R.C. 4511.25. On February 27, 2007, Moore entered a written plea of not guilty. On May 16, 2007, Moore filed a motion to suppress evidence seized as a result of the traffic stop arguing *Page 3 
that the stop was not supported by probable cause or a reasonable articulable suspicion.
 {¶ 4} On July 12, 2007, the trial court held an evidentiary hearing on the motion. On August 29, 2007, the trial court overruled Moore's motion. On November 7, 2007, Moore entered a plea of no contest, with a stipulated finding of guilty to the OVI charge, and the State dismissed the traveling within lanes charge. The trial court found Moore guilty, sentenced him to ninety (90) days in jail with seventy (70) days suspended, imposed a $1,000 fine with $400 suspended plus court costs, and suspended Moore's operator's license for three years.
 {¶ 5} On December 7, 2007, Moore filed an appeal to this Court asserting one assignment of error for review.
 ASSIGNMENT OF ERROR THE TRIAL COURT ERRED WHEN IT DENIED APPELLANT'S MOTION TO SUPPRESS EVIDENCE WHEN THE STATE FAILED TO ESTABLISH THE OFFICER HAD A REASONABLE ARTICULABLE SUSPICION TO STOP THE APPELLANT AND/OR THAT THE STOP WAS SUPPORTED BY PROBABLE CAUSE.
 {¶ 6} In his sole assignment of error, Moore argues that the trial court erred in overruling his motion to suppress because the State did not demonstrate the traffic stop was supported by probable cause or a reasonable articulable suspicion. Moore's argument is two-fold. First, he argues that Trooper Walsh did not have probable cause or a reasonable articulable suspicion based on *Page 4 
R.C. 4511.25 because that statute is violated by traveling left of center, and he traveled over the right edge line. Second, he argues that crossing the white edge line is a de minimis traffic error, which did not justify a traffic stop, citing State v. Phillips, 3d Dist. No. 8-04-25, 2006-Ohio-6338.
 {¶ 7} The State, on the other hand, argues that driving off the roadway is a violation of R.C. 4511.25, even when the driver's vehicle goes off the right side of the roadway. Furthermore, the State argues that Trooper Walsh had a reasonable articulable suspicion that Moore violated R.C. 4511.33, driving within marked lanes. The State acknowledges our opinion in Phillips applies; however, it argues that the facts of this case are distinguishable and finding a reasonable articulable suspicion under the circumstances of this case is consistent with Phillips' rationale. We agree with the State.
 {¶ 8} A review of the denial of a motion to suppress involves mixed questions of law and fact. State v. Burnside, 100 Ohio St.3d 152,2003-Ohio-5372, 797 N.E.2d 71, ¶ 8. At a suppression hearing, the trial court assumes the role of trier of fact and, as such, is in the best position to evaluate the evidence and the credibility of witnesses. SeeState v. Carter (1995), 72 Ohio St.3d 545, 552, 651 N.E.2d 965.
 {¶ 9} When reviewing a ruling on a motion to suppress, deference is given to the trial court's findings of fact so long as they are supported by competent, *Page 5 
credible evidence. Burnside, 2003-Ohio-5327, at ¶ 8. With respect to the trial court's conclusions of law, however, our standard of review is de novo and we must decide whether the facts satisfy the applicable legal standard. State v. McNamara (1997), 124 Ohio App.3d 706, 710,707 N.E.2d 539.
 {¶ 10} In order to constitutionally stop a vehicle, an officer must, at a minimum, have either: (1) a reasonable suspicion, supported by specific and articulable facts, that criminal behavior has occurred, is occurring, or is imminent; or (2) a reasonable suspicion, supported by specific and articulable facts, that the vehicle should be stopped in the interests of public safety. State v. Andrews, 3d Dist. No. 2-07-30,2008-Ohio-625, ¶ 8, citing State v. Chatton (1984), 11 Ohio St.3d 59,61, 463 N.E.2d 1237, certiorari denied by 469 U.S. 856, 105 S.Ct. 182,83 L.Ed.2d 116. State v. Purtee, 3d Dist. No. 8-04-10, 2006-Ohio-6337, ¶ 9, citing State v. Norman (1999), 136 Ohio App.3d 46, 53-54,735 N.E.2d 453.
 {¶ 11} An officer's "reasonable suspicion" is determined based on the totality of the circumstances. Andrews, 2008-Ohio-625, at ¶ 8, citingState v. Terry (1998), 130 Ohio App.3d 253, 257, 719 N.E.2d 1046, citingState v. Andrews (1991), 57 Ohio St.3d 86, 87, 565 N.E.2d 1271. `"Specific and articulable facts' that will justify an investigatory stop by way of reasonable suspicion include: (1) location; (2) the officer's experience, training or knowledge; (3) the suspect's conduct or appearance; and (4) the surrounding circumstances." Purtee,2006-Ohio-6337, *Page 6 
at ¶ 9, citing State v. Gaylord, 9th Dist. No. 22406, 2005-Ohio-2138, ¶ 9, citing State v. Bobo (1988), 37 Ohio St.3d 177, 178-79,524 N.E.2d 489; State v. Davison, 9th Dist. No. 21825, 2004-Ohio-3251, ¶ 6.
 {¶ 12} Applying these rules of law sub judice, we find that Moore's arguments lack merit. Even assuming, as Moore argues, that driving over the white edge line (a.k.a. "fog line") did not constitute a violation of R.C. 4511.25, the stop was permissible for two other independent reasons. First, Trooper Walsh had a reasonable articulable suspicion to conclude that Moore's vehicle should be stopped for public safety.Purtee, 2006-Ohio-6337, at ¶ 9, citing Norman, 136 Ohio App.3d at 53-54. Trooper Walsh testified that he was located in the southbound turning lane on State Route 4 when he observed Moore's vehicle, and that he had a clear view of the incident. (Jul. 12, 2007 Tr. at 4-5, 10). Trooper Walsh testified that he had eight years experience working at the State Highway Patrol, Marion post. (Id. at 4). Trooper Walsh testified concerning Moore's conduct as follows:
 Q: What did you observe?
 A: Drove about three feet off the right side of the road when he made his left turn, came back up on the road and continued south.
 Q: And just a little more description, I mean, is one — one tire, two tires, how much of the vehicle?
 A: The entire right half of the car. If you split it in the middle, the entire right half of the car was off the side of the road.
(Jul. 12, 2007 Tr. at 5). Finally, Trooper Walsh testified concerning the circumstances of the roadway. Specifically, he testified that the roadway did not *Page 7 
have a bike lane, cement padding, or any similar extended roadway that would allow a vehicle to drive outside the white edge line. (Id. at 8). He further testified that if a driver was to go over the edge line, his/her vehicle would be off the side of the road. (Id.).Purtee, 2006-Ohio-6337, at ¶ 9, citations omitted.
 {¶ 13} By driving half of his vehicle off the road, Moore gave Trooper Walsh a reasonable suspicion that he might be driving impaired; and as such, Moore's driving constituted a public safety hazard. Id. As such, the investigatory traffic stop was permissible pursuant to Trooper Walsh's reasonable articulable suspicion that Moore's continued operation of his vehicle was a public safety hazard. Id.;Andrews, 2008-Ohio-625, at ¶ 13.
 {¶ 14} Second, Trooper Walsh had a reasonable articulable suspicion to find that Moore had violated R.C. 4511.33(A), driving within marked lanes. Moore argues that his momentary crossing of the white edge line is a de minimis driving error and not a violation of R.C. 4511.33(A)(1); and thus, this action did not give rise to a reasonable articulable suspicion for the traffic stop, citing Phillips, 2006-Ohio-6338. We disagree.
 {¶ 15} In Phillips, this Court found that crossing the white edge line is not a per se violation of R.C. 4511.33(A); and therefore, an officer's observation that a motorist crossed the white edge line, without more, could not provide the officer with probable cause to initiate the traffic stop. 2006-Ohio-6338, at ¶ 74. However, *Page 8 
when this Court in Phillips discussed the lesser reasonable articulable suspicion standard, we noted that the record in that case was missing "certain facts which might have given rise to a reasonable articulable suspicion that criminal activity was afoot." 2006-Ohio-6338, at ¶ 79. We then identified several possible facts that might have given rise to a reasonable articulable suspicion that a R.C. 4511.33(A) violation occurred, including: (1) how far the motorist traveled over the white edge line; (2) the length of time the motorist's vehicle was over the white edge line; and (3) whether the vehicle's movement gave the officer a suspicion that the motorist was tired or intoxicated. Id.
 {¶ 16} Unlike the officer in Phillips, Trooper Walsh testified that half of Moore's vehicle was off the side of the road. (Jul. 12, 2007 Tr. at 5). Trooper Walsh estimated the car was three feet off the road. (Id.). Trooper Walsh further noted that the roadway onto which Moore turned did not have any bicycle lane or extended pavement; and therefore, if a motorist was over the white edge line, he/she was off the roadway. (Id. at 7-8). Accordingly, we find that Phillips is distinguishable from this case because Trooper Walsh had articulable facts upon which to reasonably suspect that Moore had violated R.C. 4511.33(A).
 {¶ 17} For these aforementioned reasons, we find that Trooper Walsh did have a reasonable articulable suspicion both that: (1) Moore's continued operation of his vehicle was a public safety hazard; and (2) Moore violated R.C. 4511.33(A). *Page 9 
The trial court's reliance upon the alleged R.C. 4511.25 violation as the basis for the traffic stop was harmless error, if any.Phillips, 2006-Ohio-6338, at ¶ 37, citing State v. Haynes, 11th Dist. No. 2003-A-0055, 2004-Ohio-3514, ¶ 16-17 (concluding that the trial court's error was harmless, because the Officer had testified to events, which he did not cite defendant for, that would have given him probable cause to effectuate the traffic stop on defendant); State v. Molk, 11th Dist. No. 2001-L-146, 2002-Ohio-6926 (concluding that even if appellant were able to contradict the officer's testimony regarding a speeding violation, the officer would still have sufficient justification to initiate a stop due to appellant's smoking exhaust violation). Therefore, the trial court did not err in overruling Moore's motion to suppress.
 {¶ 18} Moore's assignment of error is, therefore, overruled.
 {¶ 19} Having found no error prejudicial to the appellant herein in the particulars assigned and argued, we affirm the judgment of the trial court.
Judgment Affirmed.
 SHAW, P.J. and WILLAMOWSKI, J., concur. *Page 1