[Cite as *State v. Anthony*, 2009-Ohio-6717.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## SENECA COUNTY


STATE OF OHIO,

    PLAINTIFF-APPELLEE,               CASE NO. 13-09-26

    v.

BRIAN J. ANTHONY,                    O P I N I O N

    DEFENDANT-APPELLANT.


**Appeal from Tiffin Municipal Court**
**Trial Court No. 09 TRC 00774 A**

**Judgment Affirmed**

**Date of Decision:   December 21, 2009**


**APPEARANCES:**

    *Richard A. Kahler* **for Appellant**

    *Richard A. Palau* **for Appellee**

**PRESTON, P.J.**

{¶1} Defendant-appellant, Brian Anthony (hereinafter "Anthony"), appeals the Tiffin Municipal Court's judgment denying his motion to suppress evidence seized following a traffic stop. For the reasons that follow, we affirm.

{¶2} In the evening of April 4, 2009, Ohio State Highway Patrol Trooper Jacob T. Tidabeck observed two vehicles traveling southwest bound on Sycamore Street within the city limits of Tiffin, Ohio. (June 29, 2009 Tr. at 6-7). Trooper Tidabeck paced both vehicles at thirty-five miles per hour (35 m.p.h.) in a twenty-five mile per hour (25 m.p.h.) zone. (Id. at 6, 7-8). Trooper Tidabeck followed the two vehicles and witnessed the first vehicle "riding the right edge line on County Road 19." (Id. at 8). Trooper Tidabeck continued to follow the vehicles and witnessed the first vehicle cross the white edge line by "right around two tire widths" after it crossed the intersection at County Road 19 and U.S. 224. (Id.). Trooper Tidabeck described the vehicle's action in crossing the white line as: "* * * [w]asn't, uh, sharp, you know, gradual jerking, it was lethargic action probably about one to two seconds over the white line." (Id.).

{¶3} After these observations, Trooper Tidabeck activated his overhead lights and initiated a traffic stop of the first vehicle. (Id.). Anthony was charged with: (1) operating a vehicle while under the influence of alcohol ("OVI") in violation of R.C. 4511.19(A)(1)(a), a first violation within six (6) years, which was assigned case no. 09 TRC 774 A; operating a vehicle with a prohibited blood

alcohol concentration in violation of R.C. 4511.19(A)(1)(d), a first violation within six (6) years, which was assigned case no. 09 TRC 774 B; and marked lanes in violation of R.C. 4511.33, which was assigned case no. 09 TRC 774 C. (See Doc. No. 1).

{¶4}   On April 6, 2009, Anthony appeared in court and pled not guilty to all of the charges. (Doc. No. 3).  On April 17, 2009, Anthony filed a motion to suppress evidence seized as a result of the traffic stop. (Doc. No. 17).  On June 29, 2009, the motion came on for hearing, and the trial court overruled the motion. (Doc. No. 36).  On July 20, 2009, Anthony informed the trial court of his intention to forego his jury trial and to enter a no contest plea. (Doc. No. 37).

{¶5}   On July 28, 2009, Anthony pled no contest to a violation of R.C. 4511.19(A)(1)(a), operating a vehicle while under the influence of alcohol (case no. 09 TRC 744 A) and a violation of R.C. 4511.33, marked lanes (case no. 09 TRC 744 C).  The R.C. 4511.19(A)(1)(d) violation (case no. 09 TRC 744 B) was dismissed. (See Doc. No. 41).  The trial court found Anthony guilty on both offenses and sentenced him to sixty (60) days in jail with fifty (50) days suspended. (Doc. No. 41).  The trial court also: fined Anthony $375; ordered that he pay court costs; imposed a two-year driving suspension; ordered two years of intensive community control and restricted license plates; and allowed for an ignition interlock and SCRAM unit for up to ninety (90) days at the probation department's discretion. (Id.).

{¶6} On August 26, 2009, Anthony filed a notice of appeal from the trial court's judgment entry of conviction and sentence. (Doc. No. 42). Anthony now appeals asserting one assignment of error for our review.

**ASSIGNMENT OF ERROR**

**THE TRIAL COURT ERRED IN OVERRULING THE DEFENDANT'S MOTION TO SUPPRESS EVIDENCE.**

{¶7} In his sole assignment of error, Anthony argues that the trial court erred in overruling his motion to suppress evidence because "the riding of the right white edge line and the minimal crossing of same for one or two seconds * * * [does not] provide[] * * * either probable cause or a reasonable articulable suspicion to commence a traffic stop." (Appellant's Brief at 4). The State, on the other hand, argues that Trooper Tidabeck had probable cause to initiate the traffic stop based upon both Anthony's speeding violation and his marked lanes violation.

{¶8} A review of the denial of a motion to suppress involves mixed questions of law and fact. *State v. Burnside*, 100 Ohio St.3d 152, 2003-Ohio-5372, 797 N.E.2d 71, ¶8. At a suppression hearing, the trial court assumes the role of trier of fact and, as such, is in the best position to evaluate the evidence and the credibility of witnesses. See *State v. Carter* (1995), 72 Ohio St.3d 545, 552, 651 N.E.2d 965.

{¶9} When reviewing a ruling on a motion to suppress, deference is given to the trial court's findings of fact so long as they are supported by competent, credible evidence. *Burnside*, 2003-Ohio-5327, at ¶8. With respect to the trial court's conclusions of law, however, our standard of review is de novo and we must decide whether the facts satisfy the applicable legal standard. *State v. McNamara* (1997), 124 Ohio App.3d 706, 710, 707 N.E.2d 539.

{¶10} As this Court has stated before, in order to constitutionally stop a vehicle, an officer must, at a minimum, have either: (1) a reasonable suspicion, supported by specific and articulable facts, that criminal behavior has occurred, is occurring, or is imminent; or (2) a reasonable suspicion, supported by specific and articulable facts, that the vehicle should be stopped in the interests of public safety. *State v. Moore*, 3d Dist. No. 9-07-60, 2008-Ohio-2407, ¶10, citing *State v. Andrews*, 3d Dist. No. 2-07-30, 2008-Ohio-625, ¶8, citing *State v. Chatton* (1984), 11 Ohio St.3d 59, 61, 463 N.E.2d 1237, certiorari denied by 469 U.S. 856, 105 S.Ct. 182, 83 L.Ed.2d 116; *State v. Purtee*, 3d Dist. No. 8-04-10, 2006-Ohio-6337, ¶9, citing *State v. Norman* (1999), 136 Ohio App.3d 46, 53-54, 735 N.E.2d 453.

{¶11} An officer's "reasonable suspicion" is determined based on the totality of the circumstances. *Moore*, 2008-Ohio-2407, at ¶11, citing *Andrews*, 2008-Ohio-625, at ¶8, citing *State v. Terry* (1998), 130 Ohio App.3d 253, 257, 719 N.E.2d 1046, citing *State v. Andrews* (1991), 57 Ohio St.3d 86, 87, 565 N.E.2d 1271. "'Specific and articulable facts' that will justify an investigatory stop by

way of reasonable suspicion include: (1) location; (2) the officer's experience, training or knowledge; (3) the suspect's conduct or appearance; and (4) the surrounding circumstances." *Purtee*, 2006-Ohio-6337, at ¶9, citing *State v. Gaylord*, 9th Dist. No. 22406, 2005-Ohio-2138, ¶9, citing *State v. Bobo* (1988), 37 Ohio St.3d 177, 178-79, 524 N.E.2d 489; *State v. Davison*, 9th Dist. No. 21825, 2004-Ohio-3251, ¶6.

{¶12} "[A] traffic stop is constitutionally valid when a law-enforcement officer witnesses a motorist drift over the lane markings in violation of R.C. 4511.33, even without further evidence of erratic or unsafe driving." *State v. Mays*, 119 Ohio St.3d 406, 2008-Ohio-4539, 894 N.E.2d 1204, ¶25 (abrogating *State v. Phillips*, 3d Dist. No. 8-04-25, 2006-Ohio-6338).

{¶13} Applying the foregoing rules of law sub judice, we must reject Anthony's arguments. Trooper Tidabeck testified at the suppression hearing that he witnessed Anthony's vehicle cross the white edge line by "right around two tire widths" after it crossed the intersection at County Road 19 and U.S. 224. (June 29, 2009 Tr. at 8). Trooper Tidabeck described the vehicle's action in crossing the white line as: "* * * [w]asn't, uh, sharp, you know, gradual jerking, it was lethargic action probably about one to two seconds over the white line." (Id.). Trooper Tidabeck testified that his view of Anthony's marked lanes violation was "definitely, clear 100% of this other side of the intersection without – I mean, there's no vehicle obstruction whatsoever * * * I had a clear line of sight of the

whole intersection, there was nothing obscuring my view, whatsoever." (Id. at 9-10). Based upon these observations alone Trooper Tidabeck had probable cause, and thus a reasonable articulable suspicion, to initiate the traffic stop; and therefore, the traffic stop was constitutionally valid. *Mays*, 2008-Ohio-4539, at ¶¶16, 21, 24-25. Aside from Anthony's marked lanes violation, Trooper Tidabeck also testified that he observed Anthony traveling in excess of the posted speed limit, which independently provided Trooper Tidabeck with probable cause, and thus the minimally required reasonable articulable suspicion, to institute the traffic stop. *State v. Fykes*, 6th Dist. No. WD-07-072, 2009-Ohio-2926, ¶17, citing *State v. Robinette* (1997), 80 Ohio St.3d 234, 239, 685 N.E.2d 762; *State v. Slocum*, 11th Dist. No. 2007-A-0081, 2008-Ohio-4157, ¶21.

**{¶14}** Anthony cites three cases in support of his position that a de minimis crossing of the white edge line *alone* does not constitute reasonable articulable suspicion to effect an investigatory traffic stop: *Phillips*, 2006-Ohio-6338; *State v. Gullet* (1992), 78 Ohio App.3d 138, 145, 604 N.E.2d 176; and *State v. Brite* (1997), 120 Ohio App.3d 517, 698 N.E.2d 478. We, however, are not persuaded by these cases. To begin with, *State v. Brite* was subsequently overruled by *State v. Woodrum* (Nov. 20, 2001), 4th Dist. No. 00CA50, 2001-Ohio-2650. *State v. Gunther*, 4th Dist. No. 04CA25, 2005-Ohio-3492, at ¶¶16-18. Furthermore, several appellate courts have recognized that *Gullet* is no longer good law on this issue *even prior* to the Ohio Supreme Court's decision in *Mays*. *State v. Lopez* (1st

Dist), 166 Ohio App.3d 337, 2006-Ohio-2091, 850 N.E.2d 781, ¶16, citing *State v. Hodge* (7th Dist.), 147 Ohio App.3d 550, 2002-Ohio-3053, 771 N.E.2d 331, ¶¶11-26; *State v. Hicks*, 7th Dist. No. 01 CO 42, 2002-Ohio-3207, 2002 WL 1396802, ¶¶15-34; *State v. Moeller* (Oct. 23, 2000), 12th Dist. No. CA99-07-128, 2000 WL 1577287. Finally, the Ohio Supreme Court's decision in *State v. Mays* controls here. 2008-Ohio-4539, at ¶25 ("a traffic stop is constitutionally valid when a law-enforcement officer witnesses a motorist drift over the [solid white edge (fog) line] in violation of R.C. 4511.33, even without further evidence of erratic or unsafe driving."). Therefore, we find these cases unpersuasive.

**{¶15}** Anthony's assignment of error is, therefore, overruled.

**{¶16}** Having found no error prejudicial to the appellant herein in the particulars assigned and argued, we affirm the judgment of the trial court.

*Judgment Affirmed*

**WILLAMOWSKI AND SHAW, J.J., concur.**

**/jlr**

Case No. 13-09-26